This case will be sufficiently understood from the opinion delivered in the Court of Appeals by
O’Neall, J.
It is stated in the bill that the complainant, by means of the testator, Shrewsbury’s notes, obtained a large sum of money, which he secured to him in the notes of another, indorsed by the complainant, with a very large'usu *200 rious interest; that, after several years, a part of this debt still remaining unpaid, the complainant gave his bond for it, and secured the payment of the bond by a mortgage of several 'slaves; that payments have been made upon this, until the balance left is not equal to the usury included in the bond; that suit has been brought upon the bond at law, and the mortgage delivered to the Sheriff of Sumter district^ for the purpose of seizing and selling the slaves mortgaged ; that the Sheriff has made a seizure, and is about proceeding 'to sell (under it. The bill prayed an injunction against, the suit at láw, and also against the sale to be made under the mortgage, and that the bond and mortgage may be delivered up to be cancelled.
The defendant, Dickerson, demurred to the whole bill, on the ground that the complainant had plain and adequate remedy at -,law. Chancellor DeSáussure, at May Term-, 1829, sustained the demurrer to so much of the bill as relates to the defence of usury to the bond ; but overruled it to so much’ of the bill as demanded an account for the usury paid.
. The defendant pleaded the statute of limitations to the account, and his plea was sustained by the same Chancellor, May Term, 1831, and the bill dismissed.
Both parties appeal from the first decree, and the complainant from the last, and thus the whole case is brought Up for our judgment.
The first question is as -to the jurisdiction. I concur entirely with, the Chancellor, that, if the case stood alone upon- the bond, upon which an action had been commenced at Jaw, to it the defence of usury was a plain and adequate remedy, and the complainant had no occasion to resort to the aid of this Court. But I cannot think, with him, if the bill had prayed an account for the excess' paid on the bond, oyer the principal and legal interest, that the party had not for this a plain and adequate remedy at law. The action of assumpsit for so much money had and received, would have enabled him to recover it.
The case, however, it appears to me, turns upon another view of the matter. The Court of Equity has long entertained *201 jurisdiction over cases, where securities have been taken on usurious interest, and which are not attempted to be enforced at law, or to which, from their nature, there is no means of setting up a legal defence. If the party then pays, or tenders to the party, and pays into Court, the principal sum and legal interest, the Court will, upon the usury being established, order the securities to be cancelled.
I recollect a case, tried before the able and learned Chancellor who tried this case. The case was Farrow vs. Fowler, in which a judgment had been confessed for about $1,000, including an usurious interest of about $350. The complainant oifered to pay the principal and interest. An injunction was granted against so much of the judgment as was alleged to be usurious, and an issue ordered to ascertain the fact of usury, and the amount of it. Upon a verdict being found, establishing both points made in the issue, the injunction was made perpetual.
In the case before us, the party defendant, by his own act, the sale of the slaves under the .mortgage, is about to enforce payment of his debt. To prevent this, the party has no legal remedy; and if his allegation of usury in the transaction be true, and he has paid the principal and legal interest, it is plain that he is entitled to relief. The want of a legal remedy is a ground for the interposition of this Court, to prevent the sale. Having jurisdiction of that part of the case, it follows, that the question, whether the bond is founded on an usurious consideration, and the quantum of the usury, must be either tried by the Court, or by an issue at law, to be ordered by it. If, by either of these modes, it should appear that there was usury, and that, by excluding it, the bond was paid, or overpaid, the result, in either case, must be the same. The bond and the mortgage will be decreed to be cancelled.
If it should appear that the bond is overpaid, I should have no hesitation in concurring in the decree of the Chancellor, and for the very satisfactory reasons which he has assigned, that *202 the statute of limitations would, either at Law or in Equity, preclude the complainant from recovering back the excess.
But to the questions, whether the bond and mortgage are founded on an usurious consideration 1 and whether, excluding the usury, the principal and legal interest have been paid ? the statute of limitations has no application.
It is ordered and decreed, that the decree of Chancellor De-Saussure be reversed; that the demurrer and plea be overruled, and that the defendants answer the bill.
Johnson, J., concurred.

Decree reversed.